UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BARBARA BUSHOR,            Case No. 1:09-cv-320

    Plaintiff,                         Barrett, J.
                                          Bowman, M.J.
    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

### REPORT AND RECOMMENDATION

This case is a Social Security disability benefits appeal under which this Court reversed the non-disability finding of the Administrative Law Judge ("ALJ") and remanded to the ALJ for further administrative proceedings pursuant to 42 U.S.C. § 405(g), sentence four. Seeking to be compensated for her work in obtaining the reversal and remand, Plaintiff's counsel has filed a motion seeking fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner of Social Security ("Commissioner") opposes Plaintiff's motion.

Plaintiff's motion seeks a fee award totaling $3,189.56 based upon 18.75 hours of work, at an hourly rate of $170.11. (Doc. 21). The Commissioner argues that no EAJA fees should be awarded to counsel because the government's litigation position was substantially justified. (Doc. 22).

**I. Standard of Review**

The EAJA provides that:

[A] court shall award to a prevailing party…fees and other expenses…incurred by that party in any civil action…including proceedings

>  for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case, Plaintiff is a "prevailing party" as defined; therefore EAJA fees "shall" be awarded unless the Commissioner's position was "substantially justified" or can demonstrate that "special circumstances" exist. The Commissioner does not argue that "special circumstances" exist, but does argue that fees should be denied because his prior litigation position was "substantially justified."[1]

**II. Analysis**

The Supreme Court has defined "substantial justification" to mean that the Commissioner's position during litigation was "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person," or that its position had a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted); *Janovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). The Commissioner's position during litigation can still be substantially justified even if a court ultimately finds its decision to be erroneous or not supported by substantial evidence. *See Pierce*, 486 U.S. at 566 n.2.; *see also United States v. 2323 Charms Rd.*, 946 F.2d 437, 440 (6th Cir. 1991). However, the Commissioner has the burden to show that its litigation

---

[1] The court acknowledges that at least two district judges within the Sixth Circuit, following the lead of a district court in Texas, recently have held that attorney's fees may not be awarded under the EAJA in cases involving Sentence Four remands when a plaintiff has entered into a standard contingent fee agreement with his or her attorney. *See e.g., Turner v. Astrue*, 2010 WL 3636145, 157 Soc. Sec. Rep. Serv. 8 (E.D.Ky. Sept. 14, 2010); *Hodge v. Astrue*, 2010 WL 4102895, 158 Soc. Sec. Rep. Serv. 7 (E.D. Ky. Oct. 18, 2010). Nevertheless, given that the issue has not been briefed and that such a result would be contrary to years of the established practice of this court (including the presiding district judge), I decline to follow the decisions of my colleagues in the Eastern District of Kentucky on this issue.

2

position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 416, 124 S. Ct. 1856, 1867 (2004); *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001).

In the Report and Recommendation ("R&R," *see* Doc. 18) previously adopted by the presiding district judge (Doc. 19), the then- presiding magistrate judge[2] found that the ALJ's non-disability finding was subject to reversal and remand because the ALJ 1) failed to provide "good reasons" for rejecting the treating physician's assessment; 2) ignored evidence of limitations caused by Plaintiff's mental impairments; and 3) improperly applied SSR 83-14 when evaluating Plaintiff's nonexertional limitations. (Doc. 18 at 12-20). The Commissioner filed no objections to the prior R&R.

In arguing that the Commissioner's prior litigation position was "substantially justified," the Commissioner merely summarizes his prior arguments and asserts that they were "reasonable." However, a review of Judge Hogan's April 15, 2010 R&R provides ample evidence that the Commissioner's prior position was not "substantially justified" because it was not reasonably based both in law *and* fact.

For example, the Commissioner first reiterates his prior arguments that the ALJ's rejection of the treating physician's opinion was reasonable. In opposing reversal before Judge Hogan and in his present opposition to Plaintiff's motion for fees, the Commissioner argues that Dr. Derksen's notes "from February 2006 through September 2006 (the only ones in the record)...revealed no objective clinical or laboratory findings to support the extreme limitations he opined." (Doc. 22 at 4). In stark contrast to the Commissioner's

---

[2] Then Magistrate Judge Timothy S. Hogan retired from this court in October 2010, ultimately resulting in the reassignment of this case to the undersigned.

argument, Judge Hogan wrote:

> Contrary to the Commissioner's representation (Doc. 17 at 10), the record contains not only Dr. Derksen's clinical records from February 2006 through September 2006, but his contemporaneous treatment notes from November 14, 2002 through September 27, 2006 (Tr. 299-322, November 10, 2006 through march 9, 2007 (Tr. 354-361), and August 6, 2007 through November 8, 2007 (Tr. 403-405); laboratory reports (Tr. 323-340); and Dr. Klein's detailed letters to Dr. Derksen reporting on plaintiff's cardiology status, treatment, and prognosis from November 2004 through May 2007 (Nov. 2004, Tr. 271; March 2005, Tr. 270; May 2005, Tr. 269; December 2005, Tr. 268; Feb. 2006, Tr. 266; April 2006, Tr. 265; Oct. 2006, Tr. 264; May 2–7, Tr. 353). The record shows plaintiff had significant blockage in her arteries requiring drug eluting stent placements in October 2004 (Tr. 142, 146), March 2005 (Tr. 160), and January 2006 (Tr. 156-57). Plaintiff experienced episodes of syncope, fatigue, heart palpitations, shortness of breath, light-headedness, and chest pain (Tr. 174-98, 176, 265, 266, 268, 269, 270, 273, 278, 281, 307, 309).

(Doc. 18 at 12-13). Judge Hogan went on to describe records from Dr. Klein, Plaintiff's treating cardiologist, that reflected "intractable angina that is disabling to her," as well as records reflecting "unstable diabetes." (Doc. 18 at 13). In addition to simply ignoring or skipping over huge portions of Plaintiff's medical records from her treating physicians- for which the Commissioner has offered no explanation whatsoever- Judge Hogan determined that "the ALJ committed an error of law when he failed to evaluate Dr. Derksen's assessment in accordance with Sixth Circuit precedent and Social Security regulations and give 'good reasons' for rejecting the treating physician's opinion." (Doc 18 at 12).

Judge Hogan also determined that Plaintiff's second and third assignments of error should be sustained. Agreeing with Plaintiff's second assignment of error, Judge Hogan found that the ALJ failed to properly ascertain Plaintiff's mental impairments. Instead of reviewing the record as a whole, the ALJ "cherry-picked the statements from [the consultative psychologist's] report that favored a finding of no disability, while ignoring the

4

statements that directly followed in Dr. Fritsch's report indicating plaintiff was more limited." (Doc. 18 at 15). Judge Hogan additionally noted that the ALJ ignored portions of the opinion of the state agency psychologist. (*Id.*at 16). Judge Hogan concluded that "the Court is unable to discern...whether the ALJ actually considered the [mental] limitations imposed by the agency doctors" or by Dr. Derksen. (*Id.* at 16-17). Considering one office note particularly relied upon by the ALJ, Judge Hogan remarked: "Once again, the ALJ selectively cited to the record." (*Id.*). Judge Hogan explained that although the ALJ had quoted a portion of the note that reported that Plaintiff stated she was "doing great," the ALJ ignored sections of the same note that reflected that Plaintiff had been manic, had "crashed," and had attempted suicide during the same time period. (*Id.*). In short, as with the ALJ's rejection of the treating physician's opinion, Judge Hogan determined that the ALJ deliberately ignored significant portions of Plaintiff's medical records when determining her mental impairments. The Commissioner makes no attempt to explain how his prior support of the ALJ's decision could possibly have a "reasonable basis both in law and fact" in light of Judge Hogan's analysis. *See Pierce v. Underwood*, 487 U.S. at 565.

Whether the Commissioner's position with respect to the Plaintiff's third assignment of error was "substantially justified" is a closer call. Judge Hogan agreed with Plaintiff that the ALJ improperly determined that Plaintiff has the RFC to perform light unskilled work, because he failed to address several of Plaintiff's nonexertional limitations. However, Judge Hogan's analysis concerning this third error was not as scathing as his analysis of the ALJ's opinion with respect to Plaintiff's first two assignments of error. "In any event, since the Court finds that the ALJ erred in weighing the opinion of plaintiff's treating physician and in determining plaintiff's mental RFC, the ALJ's Step 5 finding is necessarily

5

premised on unsubstantial evidence." (Doc. 18 at 20). Because I conclude that the Commissioner's prior litigation position was not substantially justified as a whole, I find it unnecessary to determine whether his position with respect to the least of the three errors cited by Plaintiff was substantially justified.

In sum, the Commissioner fails to cite to any case authority that would support denying attorney's fees where: 1) the ALJ's decision was not reasonably based in fact because it wholly ignored large portions of the record; and 2) the ALJ's decision was contrary to established Sixth Circuit case law as discussed in the prior R&R. In this case the ALJ "cherry picked" portions of the record from non-treating physicians, and failed to identify or evaluate some limitations and impairments. In that sense, the case presented is similar to *Falconi v. Commissioner of Social Security,* Civil No. 1:08-cv-622, 2010 WL 1882270 (S.D. Ohio April 13, 2010). There, the court awarded the plaintiff fees after concluding that the Commissioner's position was not substantially justified because the ALJ failed to properly consider and evaluate the medical evidence according to controlling regulations. *Id.*

Given the extensive discussion in the prior 21-page R&R of the legal and factual errors made by the ALJ, the Commissioner's litigation position cannot be said to have been reasonable or substantially justified in this case. Accordingly, EAJA fees should be awarded for Plaintiff counsel's work in securing the reversal and remand. However, Plaintiff's motion will be denied to the extent that counsel seeks an order awarding fees to her directly. The United States Supreme Court recently held that attorney's fee awards under the EAJA are payable to the litigant and not to counsel. *See Astrue v. Ratliff*, 560 U.S. ___, 130 S,Ct, 2521 (2010). In accordance with *Ratliff*, I will recommend that the fee

award be made payable directly to Plaintiff. *See also Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 447 (6th Cir. 2009).

The Commissioner's brief is silent concerning the hourly fee proposed by Plaintiff and the number of hours claimed by counsel. On the court's own review, I conclude that the hourly rate should be limited to $125.00 per hour.

Under the EAJA, the amount of attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). A plaintiff seeking a higher hourly rate bears the burden of producing appropriate evidence to support the requested increase. *Bryant*, 578 F. 3d at 450. In *Bryant*, the Sixth Circuit upheld a district court's rejection of a higher proposed rate where the plaintiffs "submitted only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees." Reviewing this scant evidence, the Sixth Circuit clearly held: "This is not enough." *Id.* As in *Bryant*, in this case Plaintiff has submitted no more than a copy of the Department of Labor's Consumer Price Index to support her proposed rate of $170.11. That evidence is insufficient as a matter of law in the Sixth Circuit. Otherwise, the Court accepts the claimed total of 18.75 hours as reasonable. *See also Wise v. Astrue*, 2010 WL 5071040 (S.D. Ohio Dec. 7, 2010).

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Attorney's Fees under the EAJA (Doc. 21) be **GRANTED IN PART,** to the extent that the Commissioner should pay to Plaintiff directly a fee award in the amount of **$2343,75**, reflecting 18.75

attorney hours reasonably expended multiplied by the statutory hourly rate of $125.00.

          *s/ Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| BARBARA BUSHOR, | Case No. 1:09-cv-320 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).