**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Barbara Bushor,

        Plaintiff,                                 Case No.: 1:09-cv-320

        v.                                  Judge Michael R. Barrett

Commissioner of Social Security,

        Defendant.

## ORDER

This matter is before the Court on Magistrate Judge Stephanie K. Bowman's January 10, 2011, Report and Recommendation ("Report") (Doc. 25) and Plaintiff Barbara Bushor's corresponding Motion for Attorney Fees under Equal Access to Justice Act, 28 U.S.C. Section 2412(d) (Doc. 21).  In the Report, Magistrate Judge Bowman recommends that Plaintiff's motion be granted in part, "to the extent that the Commissioner should pay to Plaintiff directly a fee award in the amount of $2343.75, reflecting 18.75 attorney hours reasonably expended multiplied by the statutory hourly rate of $125.00."  (Doc. 25, 7–8.)  Plaintiff has filed an Objection (Doc. 29).  The Commissioner did not file an objection or a response to Plaintiff's Objection.  Plaintiff's Objection is ripe for decision.

The parties were given proper notice, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties may waive further appeal if they fail to file objections in a timely manner.  *See United States v. Walters*, 638 F.2d

947, 949–50 (6th Cir. 1981).[1]

For the reasons stated below, the Court overrules Plaintiff's Objections and the Report is ADOPTED as modified by this Order.

## I.      Background

After Administrative Law Judge ("ALJ") Richard Boyle denied Plaintiff's application for disability insurance benefits, this Court reversed that decision by adopting a prior Report and Recommendation issued by Magistrate Judge Timothy S. Hogan (Doc. 18).  This Court reversed the non-disability finding and remanded to the ALJ for further proceedings under 42 U.S.C. § 405(g), sentence four.  (Doc. 19, 1.)

Thereafter, Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  She seeks an award of $3,189.56 based on 18.75 hours of work at the hourly rate of $170.11.  (Doc. 21, 1.)  In its response in opposition to Plaintiff's motion for attorney's fees (Doc. 22), the Commissioner argued that an award of attorney's fees would be unwarranted because the Agency's actions were substantially justified.  (Doc. 22, 2.)

Magistrate Judge Bowman's Report first found that Plaintiff was a "prevailing party," and therefore able to receive EAJA fees.  (Doc. 25, 2.)  Next, the Report found that the Commissioner's litigation position was not reasonable or substantially justified. Accordingly, the Report recommended that EAJA fees should be awarded.  (Doc. 25, 6.)  The Commissioner has not objected to either of these findings.

However, on the Magistrate Judge's own review, the Report recommended that in accordance with *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the fee award should be paid to Plaintiff rather than to Plaintiff's counsel directly.  (Doc. 25, 6–7.)  The Report

---

[1] Notice was attached to the Report regarding objections.  (Doc. 25, 9.)

further recommended that in accordance with *Bryant v. Commissioner of Social Security*, 578 F.3d 443 (6th Cir. 2009), counsel's hourly rate should be limited to $125 per hour rather than the $170.11 she requested.  (Doc. 25, 7.)  Plaintiff filed an Objection challenging both of these recommendations.  (Doc. 29, 1.)

Specifically, Plaintiff maintains the following two objections: (1) the award of attorney's fees should be paid directly to Plaintiff's counsel rather than to Plaintiff; and (2) Plaintiff's counsel should be awarded the requested rate of $177.10 per hour rather than $125 per hour.  (Doc. 29, 1–2).  The Court addresses each of these objections in turn.

## II.     Analysis

### A.     Standard of Review

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).  General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### B.     Who Should Receive the Award of Fees?

Plaintiff's first objection maintains that any award of fees should be paid directly to Plaintiff's counsel rather than to Plaintiff.  (Doc. 29, 1–2).  In deciding that the fee

should be paid to Plaintiff, Magistrate Judge Bowman wrote as follows:

> Plaintiff's motion will be denied to the extent that counsel
> seeks an order awarding fees to her directly.  The United
> States Supreme Court recently held that attorney's fee
> awards under the EAJA are payable to the litigant and not to
> counsel.  *See Astrue v. Ratliff*, 560 U.S. ___, 130 S. Ct.
> 2521 (2010).  In accordance with *Ratliff*, I will recommend
> that the fee award be made payable directly to Plaintiff.  *See
> also Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443,
> 447 (6th Cir. 2009).

(Doc. 25, 6–7.)  The Court adopts this recommendation, but it makes one significant

modification.

In *Astrue v. Ratliff*, the Supreme Court considered "whether an award of 'fees

and other expenses' to a 'prevailing party' under § 2412(d) is payable to the litigant or to

his attorney."  130 S. Ct. 2521, 2524.  The Court held that "§ 2412(d) fees award is

payable to the litigant and is therefore subject to a Government offset to satisfy a pre-

existing debt that the litigant owes the United States."  *Id.*  Since then, courts have been

consistent in applying *Ratliff* for the proposition that any award is first subject to offset

for any preexisting federal debt.  *Bates v. Comm'r of Soc. Sec.*, 3:09cv2349, 2011 WL

2149349, slip op. at *3 (N.D. Ohio Apr. 27, 2011).

However, district courts within the Sixth Circuit have reached varying conclusions

regarding whether a court may order fees paid directly to an attorney where there is an

assignment, as is the case here.  *Compare, e.g.*, *Snyder v. Comm'r of Soc. Sec.*, No.

1:06cv2737, 2011 WL 66458, slip op. at *3 (N.D. Ohio Jan. 10, 2011) (fees paid to

claimant), *with Hilker v. Astrue*, 3:09cv186, 2010 WL 5553980, slip op. at *1 (S.D. Ohio

Dec. 3, 2010) (fees paid directly to counsel based on assignment because government

failed to identify any preexisting debt), *with Cutler v. Astrue*, 1:10cv343, 2011 WL

4

901186, slip op. at *1 (N.D. Ohio Mar. 14, 2011) (fees paid directly to counsel "after the defendant has completed its customary investigation into any outstanding federal debts owed by the plaintiff"), *and with Boop v. Astrue*, 3:10cv22, 2011 WL 1234861, slip op. at *4–5 (S.D. Ohio Mar. 11, 2011) (fees paid but remaining silent as to whom such fees should be paid.)  In *Boop v. Astrue*, Magistrate Judge Merz stated as follows:

> The Government retains the discretion and authority to determine whether Plaintiff owes a debt to it.  *Id.* [*Preston v. Astrue*, 3:08cv911-J-TEM, 2010 WL 3522156, slip op. at *2 (M.D. Fla. Sept. 8, 2010).]  If no such unpaid debt exists, or if EAJA fees remain after a governmental offset, there appears no reason on the present record for the Government not to honor Plaintiff's assignment of EAJA fees to her attorney.

2011 WL 1234861, slip op. at *5.  Judge Merz went on to state that "in light of Plaintiff's assignment and the lack of information regarding whether she owes a debt to the United States, Plaintiff should be awarded attorney fees under the EAJA as a prevailing party, and no Order should issue regarding the direction such fees must be paid."  *Id.*  The Court agrees with this approach with one caveat.

As part of her motion, Plaintiff includes a "Statement by Claimant Regarding EAJA Fees" ("Plaintiff's Statement") (Doc. 29-1) wherein Plaintiff assigns "all rights to attorney fees" to her counsel.  Furthermore, neither party has presented any evidence showing that Plaintiff owes a debt to the United States.  Because there is no evidence of a debt, and to honor the assignment, the Court orders that the award of fees be paid. However, the award of fees shall be paid to Plaintiff and Plaintiff's counsel jointly—the check shall be made out to both parties.

The Court believes that making the award of fees payable jointly to both Plaintiff and Plaintiff's counsel abides by the plain language and the spirit of *Ratliff*.  The award

is being paid to the litigant, but given that there is no evidence of a debt, as occurred in

*Ratliff*, the assignment is still being honored.  This approach has the added practical

benefit of ensuring that neither party can cash the award check without the other's

acquiescence.

Accordingly, the Report is ADOPTED with the modification that the fee award be

paid jointly to both Plaintiff and Plaintiff's counsel as detailed in Plaintiff's Statement.  To

this extent, Plaintiff's objection is OVERRULED.

### C.    Counsel's Hourly Rate

Plaintiff's second objection maintains that counsel should be awarded the

requested rate of $177.10 per hour rather than $125 per hour.  (Doc. 29, 1–2).  In

denying the higher rate, the Report stated as follows:

> Under the EAJA, the amount of attorney fees "shall
> not be awarded in excess of $125 per hour unless the court
> determines that an increase in the cost of living or a special
> factor, such as the limited availability of qualified attorneys
> for the proceedings involved justifies a higher fee."  28
> U.S.C. §2412(d)(2)(A).  A plaintiff seeking a higher hourly
> rate bears the burden of producing appropriate evidence to
> support the requested increase.  *Bryant*, 578 F.3d at 450.  In
> *Bryant*, the Sixth Circuit upheld a district court's rejection of a
> higher proposed rate where the plaintiffs "submitted only the
> Department of Labor's Consumer Price Index, arguing that
> the rate of inflation supported an increase in fees."
> Reviewing this scant evidence, the Sixth Circuit clearly held:
> "This is not enough."  *Id.*  As in *Bryant*, in this case Plaintiff
> has submitted no more than a copy of the Department of
> Labor's Consumer Price Index to support her proposed rate
> of $170.11.  That evidence is insufficient as a matter of law
> in the Sixth Circuit.  Otherwise, the Court accepts the
> claimed total of 18.75 hours as reasonable.  *See also Wise*
> *v. Astrue*, [No. 2:09cv355,] 2010 WL 5071040 [at *2] (S.D.
> Ohio Dec. 7, 2010).

(Doc. 25, 7.)  Upon de novo review, the Court finds no error in this analysis and no

"special factor" that requires a higher fee than the statutory limit.  *See* 28 U.S.C. § 2412(d)(2)(A).

Plaintiff argues that the following special factors exist: (1) "there is a limited availability of qualified attorneys" for these types of cases; (2) the complexity of this case "resulted in many hours of research to fully understand the findings"; and (3) "[n]o other attorney would have been more qualified than the undersigned to represent the Plaintiff in Federal Court."  (Doc. 29, 2–3.)  Each of these arguments is unavailing.

As occurred in *Bryant*, Plaintiff has only submitted the Consumer Price Index as justification for a higher fee.  (Doc. 21-1); 578 F.3d at 450.  And as the Sixth Circuit in *Bryant* stated, "[t]his is not enough" to show that the rate of inflation supported an increase in fees.  578 F.3d at 450.  Accordingly, Plaintiff has failed to meet her burden of producing appropriate evidence in support of the requested increase.  *See id.*

In this respect, the Report is ADOPTED, and Plaintiff's objection is OVERRULED.  The hourly rate is limited to $125 per hour.  The Court accepts the total of 18.75 hours as reasonable.

III.    **Conclusion**

Based on the foregoing, Plaintiff's objections are **OVERRULED**, and the Report is **ADOPTED** as modified by this Order.  Accordingly, Plaintiff's Motion for Attorney Fees under Equal Access to Justice Act, 28 U.S.C. Section 2412(d) (Doc. 21) is **GRANTED in PART**.  The Court **ORDERS** as follows:

- Plaintiff Barbara Bushor, as prevailing party, is awarded attorney's fees of $2343.75, reflecting 18.75 attorney hours reasonably expended at the statutory hourly rate of $125.00.  This amount shall be jointly payable to Plaintiff Barbara

Bushor and to Plaintiff's counsel, by way of Horenstein, Nicholson & Blumenthal (as referenced in Plaintiff's Statement (Doc. 29-1)).

- This case is closed.  The Clerk of Court is directed to terminate this matter from the docket of this Court.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge